SAMUEL EISEMAN et al., Respondents, v. ARNOLD B. HEINE
et al., Appellants.

SALE OF MERCHANDISE — ALLEGED BREACH OF CONTRACT TO DELIVER
— QUESTION OF QUANTITY.  Where, in an action for damages for alleged
breach of contract to deliver a certain number of pieces of merchandise
purchased, the evidence is conflicting as to whether the minds of the
parties actually met as to the number of pieces to be purchased and
delivered, the contract sued upon may not be deemed established as
matter of law.

*Eiseman v. Heine,* 2 App. Div. 319, reversed.

(Argued December 14, 1898; decided January 10, 1899.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered March
19, 1896, affirming a judgment in favor of plaintiffs entered
upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Charles E. Rushmore* for appellants.   The plaintiffs failed
to establish a contract, and the denial of defendants' motion
for a nonsuit was error.   (*B., C. & S. A. B. Co.* v. *Muggs,*
L. R. [44 Ch. Div.] 616; *Frazer* v. *Small,* 13 N. Y.
Supp. 469; *Kirwan* v. *Byrne,* 9 Misc. Rep. 76; *M., etc., R.
Co.* v. *C. R. Mill,* 119 U. S. 149; *B. S. Co.* v. *M. C. R. Co.,*
134 N. Y. 24; *Hough* v. *Brown,* 19 N. Y. 112; *Scrantom* v.
*Booth,* 29 Barb. 171; *Bruce* v. *Pearson,* 3 Johns. 534; *Brown*
v. *N. Y. C. R. R. Co.,* 44 N. Y. 79.)

*Blumenstiel & Hirsch* for respondents.

BARTLETT, J.   The plaintiffs seek to recover damages for
alleged breach of contract to deliver goods purchased of the
defendants, to wit, three hundred pieces of Kaiki silk.

The plaintiffs declare upon a contract made by them with
the defendants to deliver three hundred pieces of the silk in

question, and the defendants answer, denying that any such contract was made.

The learned trial judge, in charging the jury, said : " The defense which is set forth in the answer is that there was no contract made binding upon the defendants. I shall have to charge that the defense has failed. Where the facts are all conceded, and no dispute exists with reference to them, whether the contract is made or not, is a question of law, a matter to be determined by the judge and not by the jury."

The jury were allowed to assess the damages.

The question presented upon this appeal, therefore, is whether the contract was established by undisputed evidence, so as to entitle the judge to take that question from the jury, or whether there is such a conflict of evidence as entitled the defendants to go to the jury on the question whether the minds of the parties had met.

The case presented to the jury is substantially this : Samuel Eiseman, one of the plaintiffs, took the stand and swore that he gave the defendants' agent, Maass, an order " for change-able Kaiki silk of three hundred pieces positively, and two hundred pieces conditionally, at thirty-two and one-half cents per yard."

It is to be remarked that the witness made no attempt to explain what the alleged condition was as to the two hundred pieces, nor was it anywhere explained in the plaintiffs' case ; but, on the contrary, the correspondence in evidence tends to contradict plaintiffs' statement as to any condition in the sale.

The witness goes on to state that after giving this order he received from the defendants a copy of it, which he produced in court.

This order was read in evidence and called for three hundred pieces only, at thirty-two and one-half cents per yard, and was accompanied by a letter to plaintiffs from the defendants reading : " We beg to hand you herewith copy of your import order on Japanese silks, with which you favored our Mr. Maass. Please examine same carefully and acknowledge receipt by return mail."

This letter was dated September 15th, 1892, and two days later the plaintiffs answered as follows: " Your copy of order of three hundred pieces of changeable Kaiki is not correct. The order was given for five hundred pieces. The account for two hundred pieces to·be given later. Your Mr. Maass will confirm this. In regard to your letter of yesterday, we do not order goods in the manner you suggest. Please send us the additional copy of order for two hundred pieces."

It is to be observed that the plaintiffs make no statement about the additional two hundred pieces being a conditional sale, but demand a copy of order covering them. The defendants replied to this letter as follows: " Answering your favor of the 17th, we have order from you for three hundred pieces changeable Kaiki silk only. We may say that the order as made out by you which we hold only calls for three hundred pieces. However, may this be as it will, we will write by Wednesday's mail to our Mr. Maass, who is now on his way to Yokohama, and shall instruct him to give us his answer by cable, on receipt of which we shall communicate with you. In the meantime you will kindly acknowledge receipt of the copy of the three hundred pieces, if you find the same correct in every particular, except as to quantity."

It is admitted that this letter was not answered.

Defendants put Maass on the stand at the trial, but plaintiffs did not examine him as to the contract.

It may be remarked that, so far as the negotiation between the parties is concerned, it seems quite difficult to decide clearly whether the minds of the parties had met or not, the plaintiffs claiming a sale of five hundred pieces to them, and the defendants insisting that it was three hundred pieces.

In the light of this correspondence the defendants were naturally in doubt as to the quantity of silk they were called upon to deliver if a contract existed. With this pending dispute as to quantity, it was not competent for plaintiffs to sue for the lesser amount. It was not matter of subsequent election with them; the sole question is, what was the original contract.

The plaintiffs insist that, outside of the direct negotiation leading up to the contract, there are two very significant facts that throw light upon the way the parties regarded the situation.

On the 15th day of November, 1892, about two months after the alleged contract was made, and about a month before the first goods under it were to be delivered, the defendants wrote plaintiffs this letter: " We regret to inform you that, according to advice received from Japan and confirmed by our Mr. Maass, who has just returned from there, it is impossible to produce changeable Kaiki silks in colors which would be satisfactory. The reason is that certain chemicals being used and not boiled out, the goods become spotted (mildewed) while in stock."

The plaintiffs argue from this letter that it makes it clear that the defendants considered they rested under a contract obligation as to the delivery of these silks.

It is, however, to be said from defendants' standpoint that this letter in no wise clears up the doubt as to whether the sale was for three hundred or five hundred pieces.

Two days after the receipt of the last letter the plaintiffs wrote the defendants as follows: " In answer to yours of the 15th, we beg to say that we originally ordered five hundred changeable Kaiki silks, and received copy of order for only three hundred. We ordered these goods of you at the time we could have ordered them from two other Japanese houses. Have sold some of these goods, and shall buy them on the market for your account. Other houses are delivering the goods, and we see no reason why you cannot deliver them, and shall, as before stated, hold you to the contract."

It will be observed that the plaintiffs are still insisting that the contract covered five hundred pieces of silk, and propose to hold defendants to that contract.

The other point that plaintiffs insist goes to show the way the parties regarded the matter of the existing contract, is the fact that the plaintiffs tried to buy similar goods in the market in December, 1892, after being notified by the defendants that they could not fill the order.

Also the fact that the defendants sought to make a similar purchase in the open market about the same time.

We, therefore, come back to the question whether these conflicting facts rendered it clear, as matter of law, upon undisputed evidence, that there was a contract on the part of the defendants to deliver three hundred pieces. We are unable to reach this conclusion.

It was peculiarly a question for the jury to determine whether the minds of the parties actually met as to the number of pieces of silk to be purchased and delivered.

The plaintiffs insist throughout the correspondence in evidence that they had purchased five hundred pieces, and it is certainly a question for a jury to decide whether any definite number of pieces of silk were purchased by plaintiffs of the defendants.

We express no opinion as to the merits of this case, and rest our decision on the one point, that there was a conflict of evidence sufficient to carry the case to the jury.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

All concur, except Gray, J., absent, and Martin, J., not sitting.

Judgment reversed, etc.